O’Neall, J.
Upon looking into this case, it appears that the plaintiff is the cestui que trust of the defendants, and claimed from them an account and investment of the proceeds of four negro slaves, sold by them under the order of the Court of Equity. The' defendant Francis T. Motte, received of the proceeds of said sale $139 43, by applying that sum to the payment of his individual debt to his co-defendant, and gave to him as trustee, his bond for the payment of that sum. To secure the payment of it, he gave him a mortgage of several negroes, which he had previously mortgaged to Schult for the payment of his individual debt. After some time, Schult foreclosed his mortgage by a seizure of the mortgaged slaves, and sold them in satisfaction of his own and the trust debt, except one who died in jail before any sale was effected. The debt to himself was entirely satisfied, and upon that to the trust estate, a balance was left of $293 56. On the reference before the Commissioner, the defendant Schult being advised, very properly, that he was eventually liable for this sum to the cestui que trust, paid it, and claimed a decree for the same, against his co-defendant Motte. The Chancellor gave a decree in his favor, and the question now is, whether the Court possessed the power of making the decree between co-defendants. In the case of Chalmey v. Lord Dunsany, 2 Sch. & Lef. 710, Lord Redesdale says, “but it seems strange to object to a decree because it is between co-defendants, when it is grounded on evidence between the plaintiffs and the defendants. It is a jurisdiction long settled and acted *103 on, and the constant practice of a Court of Equity ; so much so, that it is quite unnecessary to state any case in its support.” At page 718, Lord Eldon states the rule still more strongly,_ “when a case is made out between defendants by evidence arising from pleadings and proofs between plaintiffs and defendants, a Court of Equity is entitled to make a decree between the defendants — further, *my Lords, a Court oEquity is bound to do so. The defendant chargeable has a righto insist that he shall not be made a defendant in another suit, for the same matter that may then be decided between him and his co-defendant. And the co-defendant may insist that he shall not be obliged to institute another suit; for a matter which may be then adjusted between the defendants. And if a Court of Equity refused so to decree, it would be good cause of appeal, by either defendant.”
Lance, for the appellant.
Finley, contra.
These views of two of the greatest Chancery lawyers, on a point made for the reversal of the decree, were acquiesced in as correct, by the House of Lords, including Lord Erskine, the then Lord Chancellor, and the decree affirmed. This 'authority settles the rule, that a Court of Equity may decree between co-defendants ; and the only limitation to this power is, that the decree must be upon evidence “ arising from pleadings and proofs between plaintiffs and defendants.” It is necessary, therefore, to inquire, in this case, whether the decree is made upon evidence arising from the pleadings and proofs between the plaintiffs and the defendants.
In equity, trustees are primarily liable each for his own acts; they may be made jointly liable, so far as they have concurred in any act. This joint liability is, however, alone to the plaintiff — as between themselves, each is bound for whatever he has received, and for his share of the amount recovered against them for any improper joint act. Indeed, in equity, I regard all liabilities as in the first instance several; that is, each must account for his wrongful act, and another who may be also liable for it, on account of his concurrence in or assent to it, if he received no benefit from it, stands as a guarantor or security to make it good, in the event of the actdr being unable to pay. The pleadings in this cause make the question, how much were the defendants liable to account for separately, or jointly, to the plaintiffs ? I say they make this question, because this is the legal effect of a bill against trustees for an account. The proof under these pleadings, was to show the amount received by one or *both of these defendants. The proof on which the defendant Motte is made liable to his co-defendant Sehult, was adduced to fix their joint liability, by showings that although Motte actually received the money by applying it to his private debt, yet that Sehult concurred in this arrangement, and actually took an insufficient security for the payment of the sum so received by Motte, to the trust estate.
It is therefore ordered and decreed, that the decree of Chancellor Johnston be affirmed.
Johnson, J., concurred.
Harper, J., absent.